UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NAVJOT, LLC,  No. 10-11533

Debtor(s).
_____/

Memorandum on Motion for Adequate Protection
_____

Creditor Circle Bank holds first position deeds of trust on two commercial properties in Marin County owned by Chapter 11 debtor Navjot, LLC. The properties are generating rents. The court has granted Navjot permission to use the rents to pay the necessary expenses associated with the properties. Any excess remains subject to the Bank's security interests.

Citing a string of hoary non-appellate cases, the Bank takes the position that it is entitled to "adequate protection" payments even though it concedes that the value of its secured claim is not declining. However, *United Savings Ass'n v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 370 - 71 (1988), holds that creditors are not entitled to adequate protection payments under 11 U.S.C. § 362(d)(1) for the delay caused by the automatic stay in foreclosing on their collateral; such payments are only required if the value of the creditor's secured claim is diminishing. As the court in *In re Weinstein*, 227 B.R. 284, 296 (9th Cir. BAP 1998), explained:

> Adequate protection is provided to safeguard the creditor against depreciation in the value of its collateral during the reorganization process. See *Paccom Leasing Corp. v. Deico Elecs., Inc. (In re Deico Elecs., Inc.)*, 139 B.R. 945, 947 (9th Cir. BAP 1992). If the value of the collateral decreases, the creditor is entitled to cash payments so that the value of its interest in the collateral remains constant. 11 U.S.C. §§ 362(d)(1) and 361(1); see also *In re Addison Properties Ltd. Partnership*, 185 B.R. 766, 769 (Bankr.N.D.Ill.1995). Thus, the amount by which the collateral depreciates is the amount of adequate protection to which the secured creditor is entitled. *Deico Elecs.*, 139 B.R. at 947. As the Supreme Court explained in *Timbers*, adequate protection payments cannot be used to compensate the creditor for lost interest or to provide lost opportunity costs. 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740.

1

While the passage of time may alone require payments where no reorganization is in prospect, this case has been pending for less than three months. Seeking payments on this ground is premature.

For the foregoing reasons, the Bank's motion for adequate protection will be denied without prejudice.

Dated: July 22, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge