David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:                              CASE No. 10-11533

NAVJOT, LLC,                        CHAPTER 11

    DEBTOR.            /    AMENDMENT TO PLAN

    The Plan ("Plan") under Chapter 11 of the Bankruptcy Code filed by NAVJOT, LLC, Debtor herein, on September 3, 2010 is amended as follows:

    5.03.   <u>Class 4 Claims are impaired.</u>  Holders of allowed Class 4 Claims shall retain the real property collateral in full satisfaction of the allowed claim.  Such holder shall retain the lien securing said allowed claim and shall, upon entry of the Confirmation Order, be entitled to enforce its rights to the real property collateral.

    5.04.   <u>Class 5 Claims are impaired</u>. Holders of allowed Class 5 Claims shall be paid all arrearage within ten (10) days of entry of the Order of Confirmation.  Accrued attorneys fees of such holder shall be capped at $13,000 and capitalized into the loan balance. Such holder shall be paid according the terms of a modified Note reflecting a reduced interest rate of 6.5% per annum and reamortized on a 25 year amortization, all due and payable within four (4) years.  All other terms, conditions and covenants contained in the existing loan documentation shall remain in effect.  Such holder

1

shall retain its lien on the collateral.

5.05. <u>Class 6 Claims are impaired</u>. Holders of allowed Class 6 Claims shall be paid an amount equal to such holder's interest in the Debtors' interest in the collateral in monthly installments of principal and interest at 8% per annum, payable monthly based upon a thirty year full amortization, all due five years from the effective date of the Plan. Debtors shall have the right to pre-payment any portion of interest or principal without penalty. Such holder shall retain the security interest in the collateral. The initial payment on such claim following confirmation shall be on the effective date of the plan and shall be based upon the claim of such holder heretofore filed. Such filed claim shall be deemed to be the allowed claim unless Debtor obtains an Order pursuant to Section 506 determining a different amount to be the allowed secured claim. Should the initial payment(s) made by the Debtor exceed the payments on the determined allowed secured claim, Debtor shall be credited as appropriate. Upon default, such holder may immediately proceed with its rights against its collateral. Except to the extent modified herein, such holder shall retain all rights under its existing loan documents.

5.09. <u>Class 10 Claims are impaired.</u> Holders of allowed Class 10 Claims shall retain the real property collateral in full satisfaction of the allowed claim. Such holder shall retain the lien securing said allowed claim and, upon entry of the Order of Confirmation, shall be entitled to enforce its rights in such collateral. Debtor shall turn over to the Receiver all cash collateral on hand from the collateral less the sum of $26,000 and applicable U.S. Trustee fees in connection with the turnover of the

2

cash collateral.  Such holder shall not retain a lien in the said $26,000 or U.S. Trustee fees withheld.  The rights reserved by the Debtor in paragraph 7.12(c) shall be a mutual reservation inuring to the holder.

5.10.  <u>Class 11 Claims are impaired.</u>  Holders of allowed Class 11 Claims shall retain the real property collateral in full satisfaction of the secured allowed claim.  Such holder shall retain the lien securing said allowed secured claim and shall, upon entry of the Confirmation Order, be entitled to enforce its rights to the real property collateral.  Such holder's allowed unsecured deficiency claim, if any, is *defined* by the Plan as a Class 15 Claim in paragraph 3.15 and shall be paid, if any such claim is allowed pursuant to paragraph 5.14 of the Plan on a prorata basis.  Debtor shall turn over to the Receiver cash collateral on hand less the sum of $26,000 and applicable U.S. Trustee fees on the disbursement upon entry of the Confirmation Order.  Such holder shall not retain a lien in the said $26,000 or U.S. Trustee fees withheld.  Such holder shall retain its rights, whatever they are, to seek reformation of the loan documents in the Superior Court.  Such holder further retains its rights to amend its Claim filed herein.  Any determination made by the Superior Court shall not be given preclusive effect provided that the Debtor herein not actively litigate before such Superior Court.

5.11.  <u>Class 12 Claims are impaired.</u>  Holders of allowed Class 12 Claims shall retain the real property collateral in full satisfaction of the allowed claim.  Such holder shall retain the lien securing said allowed claim and shall, upon entry of the Confirmation Order, be entitled to enforce its rights to the real

3

1 property collateral.

    5.12. <u>Class 13 Claims are impaired.</u> Holders of allowed Class 13 Claims shall retain the real property collateral in full satisfaction of the allowed claim. Such holder shall retain the lien securing said allowed claim and shall, on entry of the Order of Confirmation, be entitled to enforce its rights to the collateral, including, but not limited to, seeking the appointment of a receiver. On entry of the Order of Confirmation, Debtor shall turn over to such holder all cash collateral from the real property collateral held by the Debtor less applicable U.S. Trustee fees in connection with the turnover of the cash collateral. Any rents from the collateral which accrue following the confirmation date and are paid to or received by the Debtor shall be turned over to such holder upon receipt by the Debtor.

    5.13. <u>Class 14 Claims are impaired.</u> Holders of allowed Class 14 Claims shall retain the real property collateral in full satisfaction of the allowed claim. Such holder shall retain the lien securing said allowed claim and shall, upon entry of the Order of Confirmation, be entitled to enforce its rights to the real property collateral.

Dated: 11/24/10          DAVID N. CHANDLER, p.c.

By: */s/ David N. Chandler*
DAVID N. CHANDLER,
Attorney for Debtor